JS - 6   **LINK: 9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06445 GAF (AGRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Bridgett Allen v. Ruben and Rosenthal Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

<u>ORDER DISMISSING CASE</u>

**I.
INTRODUCTION AND BACKGROUND**

   Plaintiff Bridgett Allen has filed suit seeking relief pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and the Telephone Consumer Protection Act of 1991 ("TCPA") against Defendant Ruben & Rosenthal, Inc.  This case arises essentially out of the allegations that Plaintiff and Plaintiff's sister received various improper calls regarding Plaintiff's purported debt from Defendant.  (Docket No. 1, [Compl.] ¶¶ 8, 28, 33-34.)  However, when the Court was presented with a motion for default judgment, it became apparent that this case has no connection to this district at all.   Accordingly, the Court issued an order to show cause why the action should not be transferred to a more convenient venue.  (Docket No. 10, [02/26/13 Order].) Plaintiff timely responded.  (Docket No. 11, [OSC Response].)  Plaintiff's OSC Response, however, further raised questions as to whether the case involves any contacts with the state of California.

   Accordingly, having considered the information supplied by Plaintiff's counsel, the Court is now persuaded that dismissal, not transfer, is appropriate because the Court in fact lacks personal jurisdiction over Defendant.  Furthermore, though given the opportunity to allege that the Central District of California is the proper venue, or suggest an alternative venue, it is apparent that counsel has made no effort to show that venue is proper in this district and, in fact, has tacitly conceded that nothing relevant to the case happened here except for his retention. Therefore, as explained in greater detail below, this action is **DISMISSED** for lack of personal jurisdiction and improper venue, and Plaintiff's motion for default judgment is **DENIED as**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06445 GAF (AGRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Bridgett Allen v. Ruben and Rosenthal Inc et al | | |

**moot**.

## II.
## DISCUSSION

### A. PERSONAL JURISDICTION

#### 1. SUA SPONTE CONSIDERATION OF PERSONAL JURISDICTION

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)). However, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." Id. "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." Id.; see also William W. Schwarzer et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 6:214 (2012) ("The principle that a party may silently suffer a default judgment and later challenge personal jurisdiction is a foundational principle of federal jurisdictional law." (citing Jackson v. FIE Corp., 302 F.3d 515, 522 (5th Cir. 2002))); DFSB Kollective Co. v. Yang, 2012 U.S. Dist. LEXIS 70627, at *8 (N.D. Cal. May 21, 2012) (on motion for default judgment, ordering plaintiffs to show cause why the magistrate should not recommend to the district court that the action should be dismissed for lack of personal jurisdiction and improper venue).

#### 2. PERSONAL JURISDICTION STANDARD

Because this Court sits in California and no federal law governs personal jurisdiction over this case, the Court must apply California's long-arm statute. Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008); see also Cal. Civ. Proc. Code § 410.10. Under federal due process standards, to exercise personal jurisdiction over a non-resident defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The extent and type of contacts a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06445 GAF (AGRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Bridgett Allen v. Ruben and Rosenthal Inc et al | | |

defendant may have with the forum state can give rise to two types of jurisdiction: general or specific. <u>Data Disc, Inc. v. Sys. Tech. Assocs.</u>, 557 F.2d 1280, 1285 (9th Cir. 1977).

"If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities." <u>Id.</u> at 1287 (citation omitted). Specific jurisdiction may be established where the plaintiff's claims derive from the defendant's contacts with the forum state. <u>Id.</u> To establish specific jurisdiction, Plaintiffs must show that Defendant "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California." <u>Schwarzenegger</u>, 374 F.3d at 802.

   **3. APPLICATION**

Plaintiff alleges in her Complaint that "Defendant conducts business, the nature of which subjects the corporation to jurisdiction in this district . . . ." (Compl. ¶ 4.) In light of Plaintiff's disclosures in the course of this action, the Court is compelled to find that this statement is false and neither general, nor specific jurisdiction exists here.

First, the jurisdictional allegation can plausibly be read at most to assert the Court's general jurisdiction. However, that conclusory quote is plainly inadequate to demonstrate continuous and systematic contacts that would amount to "presence" within the state. Defendant is not a California corporation and apparently operates its principal place of business in Texas. There is no evidence that it has any office of any sort within the state, has any employees within the state, owns real estate within the state, or engages in any other activities that might support specific, let alone general, jurisdiction. Plaintiff's peculiar response to the Court's OSC regarding venue also indicates that both general and specific jurisdiction is lacking. In that response, Plaintiff asserted that, if the Court is going to transfer venue, the Court should transfer this action "to the Western District of New York on the grounds that Defendant is subject to the Court's personal jurisdiction there." (OSC Response at 3.) Why? Because, according to Plaintiff, there is a district court case (<u>Trotter et al. v. Ruben & Rosenthal, Inc.</u>, CV 12-1084-JTC (W.D.N.Y., Nov. 8, 2012) where the court found personal jurisdiction over the dispute pending in that court because defendants made numerous calls into the state. But that argument demonstrates only that the case involved sufficient contacts, in that particular instance, to warrant the exercise of personal jurisdiction. It certainly does not stand for the proposition that New York can assert general jurisdiction over Ruben & Rosenthal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06445 GAF (AGRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Bridgett Allen v. Ruben and Rosenthal Inc et al | | |

There is more to be gleaned from this odd response to the Court's OSC. As noted in the Court's 2/26/13 Order, in a civil action, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Because there is no indication that either subsection (1) or (2) would apply in this case, it appears that Plaintiff seeks refuge in subsection (3) by offering up the Western District of New York as the proposed transfer district. But if Plaintiff believed that Defendant was subject to personal jurisdiction in California, surely Plaintiff would have said so and sought to remain in the current venue. Plaintiff's suggestion that the Court transfer the action to the Western District of New York, implies that Plaintiff recognizes that Defendant is not subject to personal jurisdiction in this Court. That is consistent with the absence of any specific allegation in the complaint or evidence in response to the OSC to support the exercise of jurisdiction or venue in this district.

**B. VENUE**

Even if Defendant was subject to this Court's personal jurisdiction, the Court would find it appropriate to dismiss this action for improper venue. The Ninth Circuit has long held that "the district court ha[s] the authority to raise the issue of defective venue on its own motion." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). "[S]o long as the parties are first given the opportunity to present their views on the issue," in the absence of waiver, a court may sua sponte raise the issue of venue. Id. In permitting sua sponte consideration of venue, Costlow analogized "to the long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of forum non conveniens . . . ." Id. See also Gonzales v. Palo Alto Labs, Inc., 2010 WL 3930440 at  (N.D. Cal. Oct. 6, 2010).

Defendant's response to the Court's OSC was entirely inadequate. First, Defendant's

JS - 6    LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06445 GAF (AGRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Bridgett Allen v. Ruben and Rosenthal Inc et al | | |

principle place of business is in Houston, Texas. (Compl. ¶ 3.)[1] Second, Plaintiff currently resides in Stanislaus County, California, which is located in the Eastern District of California. Third, as noted above, Plaintiff fails to allege that even a single event transpired in this district, or this state. Nevertheless, Plaintiff's counsel asserts the novel argument that because **he** is located here and because **he** is admitted to practice here, the case should stay here. (Id.) Plaintiff also argues that "a change of venue for an uncontested Motion for Default would not be in the interest of judicial economy." (OSC Response at 2.) What he seems to mean is that it would not be convenient for him, even though his location and his convenience are not statutory grounds for the assertion of venue in any district. Had Plaintiff filed this action in the proper venue from the start, or at the very least provided this Court with **any** information indicating the proper venue, this issue could have been avoided. As a magistrate judge in this Circuit found while considering a motion for default judgment, "it would be inappropriate to allow Plaintiff to remain in this venue simply because he chose to withhold certain . . . information . . . ." Gonzales, 2011 WL 3930440 *8. The Court agrees, and similarly finds it inappropriate to permit Plaintiff to benefit from the allegation that "the transactions that give rise to this action occurred, in substantial part, in this district," (Compl. ¶ 4), when that was a falsehood.

It is within the Court's discretion to dismiss a case for improper venue rather than transfer it. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). In light of the fact that Plaintiff failed to provide the Court with **any** venue where this action might have been heard, the Court finds it appropriate to **DISMISS** this action for improper venue.

**IV.
CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** this action for lack of personal jurisdiction and improper venue. Plaintiff's motion for default judgment is **DENIED as moot**. The hearing presently scheduled for March 11, 2013 is hereby **VACATED**.

**IT IS SO ORDERED.**

---

[1] Defendant's state of incorporation is not alleged. However, a search of the California Secretary of State website indicates that Defendant was not incorporated in California. The Florida Division of Corporations indicates that Defendant is a Florida corporation.